IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JIBRAIL MALIK MUHAMMAD, SR.,    )
                                )
        Plaintiff,              )
                                )
v.                              )    CASE NO. 2:25-CV-972-BL-KFP
                                )
THE ALABAMA DEPARTMENT OF       )
FINANCE BOARD OF ADJUSTMENT,    )
                                )
        Defendant.              )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pro se Plaintiff Jibrail Malik Muhammad, Sr. filed this case on December 10, 2025. Doc. 1. After reviewing Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court ordered Plaintiff to file an Amended Complaint on or before March 16, 2026. Doc. 12. Plaintiff objected to the Court's order (Doc. 15), and requested more time to file an amended complaint (Doc. 13). The Court ordered that Plaintiff file his amended complaint by May 13, 2026. Doc. 17. To date, Plaintiff has failed to request an extension or otherwise respond to the Court's Order.

Based on Plaintiff's failure to obey court orders and prosecute this case, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order where litigant has been forewarned is generally not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash*

*R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

If a plaintiff fails to comply with a court order, "[a] district court may dismiss [the] action sua sponte under Fed.R.Civ.P. 41(b)." *Goodison v. Washington Mut. Bank*, 232 F. App'x 922, 922-23 (11th Cir 2007) (*citing Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980)).

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

Further, it is ORDERED that by **June 2, 2026**, the parties may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District

Court's order based on unobjected to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. 11th Cir. R. 3-1.

DONE this 19th day of May, 2026.

_____
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE